DONNA MARIE CHRISTENSEN CHAVEZ (formerly DONNA PARRA), Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chavez v. Commissioner
Docket No. 20422-81.
United States Tax Court
T.C. Memo 1983-199; 1983 Tax Ct. Memo LEXIS 593; 45 T.C.M. (CCH) 1281; T.C.M. (RIA) 83199; April 11, 1983. Donna C. Chavez, pro se. Deborah A. Butler, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $1,508 in petitioner's Federal income tax for 1978. The sole issue to be decided is whether petitioner qualifies under section 1034 [1] for the *594 deferment of gain from the sale of her former residence. This case was submitted fully stipulated, and the facts as stipulated are found. Petitioner was a legal resident of Albuquerque, New Mexico, when she filed her petition. She filed a Federal income tax return for 1978 claiming the status of "Unmarried, head of Household." On June 21, 1978, petitioner and her former spouse sold their residence which they had purchased on June 6, 1976. The selling price was $68,500 with commissions and other expenses of $473; petitioner and her then husband had a basis in the house of $42,106. On September 19, 1979, petitioner and her present spouse entered into a "New Construction Purchase Agreement" for the purchase of a new residence. The contract was conditioned on, among other things, petitioner and her husband obtaining a mortgage from the Federal Housing Authority (FHA). Application to the FHA on behalf of petitioner and her husband was made on December 6, 1979. The FHA issued a commitment for petitioner's loan on December 26, 1979 and the *595 purchase was completed on December 31, 1979. Absent section 1034, petitioner would be taxable on her community one-half share of the gain realized on the sale of the old residence in 1978. Sec. 1001(c). Recognition of this gain will be deferred, however, if petitioner meets the requirements of section 1034. Section 1034(a) [2] provides for the nonrecognition of gain from the sale of a taxpayer's principal residence to the extent that the adjusted sales price of the old residence does not exceed the cost of purchasing a new residence. The gain realized on the sale goes unrecognized, however, only if the new residence is purchased and used by the taxpayer within a period extending from 18 months before the sale to 18 months after the sale of the old residence. [3]
*596 Petitioner sold her former residence, as noted above, on June 21, 1978, so that the 18-month period within which she had to purchase and use a new residence extended to December 21, 1979. It is undisputed that she did not complete the purchase of her new residence until December 31, 1979, 10 days after the expiration of the 18-month period. Petitioner does not, therefore, qualify for nonrecognition of her gain. We agree with respondent that the purchase of a new residence within the period fixed by statute is a strict requirement for obtaining the benefits of section 1034, and we are compelled, therefore, to sustain his determination. E.g., , affg. per curiam ; . Petitioner argues that we should calculate the 18-month period with regard to the date on which she entered into a conditional contract for purchase of the new residence (September 19, 1979) rather than the date she completed its purchase and, presumably, title was transferred (December 31, 1979). We disagree. The September 19, 1979, conditional contract imposed *597 obligations upon both sellers and buyers, the nonperformance of which could result in the contract's cancellation. Because all material conditions of the conditional sales contract were not fulfilled prior to the expiration of the statutory period, we cannot find that petitioner "purchased" the new residence within the requisite time. ; see . Moreover, petitioner has not otherwise shown that she assumed the benefits and burdens of ownership before the expiration of the 18 months so that a purchase was, in fact, completed prior to the passage of title.[4] See ; cf. , affd. per curiam . In the alternative, petitioner argues that she made a good faith effort to purchase a home within the 18-month period; her efforts, she states on brief, were thwarted because of *598 a delay occasioned by the temporary expiration of the FHA's authority to insure mortgages. She concludes that the Internal Revenue Service is placing on her a burden attributable to "an act of the Federal Government" and that this constitutes an abuse of the Commissioner's discretion. Unfortunate cases arise under almost every section of the Code which make tax consequences depend upon action by the taxpayer within a specified time period. Section 1034 is one of the many Code sections which prescribe strict time requirements. The strict requirements of section 1034 do not allow for extenuating circumstances, such as delays by the FHA, the post office, or any other branch of government, even though those delays are beyond the control of a conscientious taxpayer. This Court cannot ignore the express time limitations Congress has imposed, regardless of how close petitioner came to qualifying for the coveted gain recognition deferment. ; [5] see ; cf. . *599 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
2. As in effect on the date of sale, sec. 1034 read as follows: SEC. 1034. SALE OR EXCHANGE OF RESIDENCE.
(a) Nonrecognition of Gain.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him and, within a period beginning 18 months before the date of such sale and ending 18 months after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence. ↩
3. The 18-month periods have subsequently been extended to 2 years, P.L. 97-34, sec. 122(a).↩
4. Petitioner has also not shown that, within the meaning of sec. 1034(a), she "used" the new residence within the proper period.↩
5. , affd. without published opinion (8th Cir. 1979); ; ; , affd. without published opinion (1st Cir. 1978); .↩